## STANDARD OIL DEVELOPMENT CO. v. COE, Commissioner of Patents.

### No. 6503.

United States Court of Appeals for the District of Columbia.

Nov. 2, 1936.

Philip L. Young, of New York City, and Nelson J. Jewett, of Washington, D. C., for appellant.

R. F. Whitehead, Sol. of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

.Appeal from a decree in the Supreme Court of the District (now District Court of the United States) dismissing appellant's bill, filed under section 4915, R.S., as amended (35 U.S.C.A. § 63 [35 U.S. C.A. § 63]).

Appellant seeks the issuance by the Commissioner of Patents of a patent on an application (No. 551,300) disclosing a process for the distillation of mineral oil filed by Howard, Lewis, and Noel, and assigned to appellant. Broadly, the claims relate to the use of mercury vapor to heat oil stills, and is particularly directed to efforts to increase the heat transfer.

Claims numbered 35 to 40, inclusive, and 51 to 57, inclusive, are involved, but under the view we take of the case it is not necessary to discuss these claims in detail, since they all involve the fundamental question, namely, whether—it being old as shown in the Dean patent (No. 342,500) to distill oils by the application of heat in an apparatus in which the oil passes through tubes placed in a pipe through which steam is passed, and in which a battery of stills is shown—there was invention in passing mercury vapor through such set of stills for the purpose of employing the heat of the mercury vapor instead of the heat of steam. The tribunals of the Patent Office ruled there was none.

Field (patent No. 1,619,660) generates mercury vapor in a partial vacuum, instead of under pressure as specified in the involved counts; likewise Field depends on superheating to obtain and control additional .heat, instead of by regulating the pressure as in the count. Concerning these differences, the Board said: "It is, of

course, common scientific knowledge that the temperature of condensation of a vapor can be varied by varying the pressure. Hence in any distillation system where vapor is used as a heat transfer medium the temperature of it may be regulated by regulating the pressure. This is true of the ordinary system where steam is employed and becomes condensed in the system as, for instance, in the Dean patent. We therefore cannot see anything patentably new in the use of vapor under pressure for distilling purposes and regulating the temperature by varying the pressure. The temperature would, of course, be regulated so the oil is not decomposed or cracked when such a condition is desired. The patentability of the count then, cannot be predicated upon the application of these well known principles for controlling the temperature of distillation where a vapor is employed. Nor can it be predicated upon the use of mercury vapor as this is clearly set forth in the Field patent and its advantages fully described. It is our view therefore that the count is not patentable over Field as the variation of the process recited by the count is not regarded sufficient to amount to invention."

A painstaking examination of the record in the light of the brief and argument of appellant convinces us that the conclusion reached by the Patent Office and concurred in by the court below was right. We therefore affirm the decree.

Affirmed.